**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NAVRUZ SAIFULLOBEKOV,

Petitioner,

v. No. 1:26-cv-01065-DHU-JFR

ATTORNEY GENERAL OF THE UNITED STATES; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director of Immigration and Customs Enforcement; EL PASO FIELD OFFICE DIRECTOR, Immigration and Customs Enforcement; and WARDEN, Torrance County Detention Facility,[1]

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Navruz Saifullobekov's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court GRANTS the Petition.

Petitioner is a native and citizen of Tajikistan who entered the United States without inspection on April 26, 2022. Doc. 1 at 16-18. After entering, Petitioner was detained by immigration officials. Doc. 6-1 at 6. He was issued a Notice to Appear, which charged him as a noncitizen present in the United States without being admitted or paroled, and placed in removal proceedings. Doc. 6 at 1-2; Doc. 6-1 at 1. Petitioner was then released on an Order of Release on Recognizance. Doc. 1 at 25; Doc. 6 at 2.

---

[1] Petitioner is detained at the Torrance County Detention Facility in Estancia, New Mexico. Doc. 1 at 1. The Court, therefore, substitutes the Warden of Otero County Processing Center for the Warden of the Torrance County Detention Facility as a party in this case. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

On August 11, 2025, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") at a scheduled check-in. Doc. 6 at 2. Petitioner was eventually transferred to the Torrance County Detention Facility in Estancia, New Mexico, where he remains detained. *Id.*

On April 1, 2026, Petitioner filed the instant Petition, where he, among other things, challenges his re-detention without an individualized assessment of changed circumstances, i.e., a hearing, as violating the Due Process Clause of the Fifth Amendment. Doc. 1 at 7. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody or, alternatively, provide him a bond hearing. *Id.* at 8.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural

due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in April 2022, was detained within the United States, and was subsequently released on his own recognizance for over three years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, June 22, 2026, confirming Petitioner's timely release.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE